Douglas E. McGEHEE, Appellant,

v.

FLORAFAX INTERNATIONAL, INC.; Garden Path Imports, Inc.; Joseph H. Hale; and Kirk Nellis, Appellees.

No. 63476.

Supreme Court of Oklahoma.

July 11, 1989.

W.C. Sellers, Jr., Sapulpa, for appellant.

Baker, Hoster, McSpadden, Rasure & Slicker by Craig W. Hoster, Tulsa, for appellees Florafax Intern., Inc. and Garden Path Imports, Inc.

Gable & Gotwals by J. Ronald Petrikin and Richard D. Koljack, Jr., Tulsa, for appellee Joseph H. Hale.

HODGES, Justice.

Certiorari is granted to determine whether this Court's recent decision in *Burk v. K–Mart Corp.*, 770 P.2d 24 (Okla.1989), applies to this matter. Because the *Burk* decision will be given retroactive application, the case must be remanded to decide whether its facts fall within *Burk's* public policy exception to the terminable-at-will employee rule.

Appellant, Douglas E. McGehee, was hired on February 15, 1982 to manage the credit department of Florafax International, Inc. (Florafax). He was hired to work for an indefinite term pursuant to an oral employment agreement.

Florafax operates a flowers-by-wire service for member florists. Florafax also operates Garden Path Imports (Garden Path), a subsidiary company in the business of selling floral containers and silk flowers to retail florists. As credit manager, appellant was in charge of collection of both Florafax and Garden Path accounts.

Appellant claims that Garden Path sent unordered flowers to Florafax members and charged the purchase price to the members' accounts. Many florists refused to pay for or return the unsolicited goods.

An audit during the fall of 1982 found over $600,000 in delinquent accounts. The auditor recommended to Joseph Hale, Florafax's board chairman and president, and Kirk Nellis, Florafax's comptroller, that the accounts be either collected or written off. Florafax then undertook a number of aggressive collection methods. Appellant alleges that one scheme required him to file small claims court actions in Oklahoma against members on delinquent accounts. Each action was to allege that Florafax was owed $999.99, the jurisdictional limit for small claims court at that time, even though many members owed substantially less than that amount.

Appellant refused to execute the affidavits required to file these lawsuits and claims that he was fired for refusing to commit perjury. Appellees counter that the November, 1982, firing was a result of appellant's poor job performance.

At trial, a demurrer to appellant's evidence was sustained. The trial court concluded that an at-will employee could be fired for any reason, including refusing to commit a crime.

The Court of Appeals reversed the trial court's decision and remanded the cause for a new trial. It held that appellant's employment contract contained "an implicit covenant that the parties will act toward each other in good faith—a covenant which forbids wrongful resort to the termination-at-will clause in an employment agreement." 58 OBJ at 2610 (1987). The notion that there is "an implied obligation of good faith and fair dealing in reference to termination in every employment-at-will contract" was specifically rejected in this Court's recent decision in *Burk*, 770 P.2d at 26. Instead, *Burk* articulated a limited public policy exception to the terminable-at-will employee rule. We must now decide whether *Burk* will be given retroactive application or whether *Burk's* application will be merely prospective as urged by appellees.

The general rule requires that "an appellate court must apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory or legislative history to the contrary." *Griggs v. Oklahoma Department of Transportation*, 702 P.2d 1017, 1022 n. 21 (Okla.1985) (citing *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Thorpe v. Durham Housing Authority*,

393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969)). Judicial policy determines whether the general rule of retroactive application will apply. *Id.* at 1020. This Court has adopted the three factors from *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) determining when retroactivity of a decision should be restricted in a noncriminal case involving nonconstitutional questions:

> (1) [A]t the threshold, the decision must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or on an issue of first impression whose decision is not clearly foreshadowed; (2) the court must weigh the merits and demerits of applying the rule retroactively by considering the rule's prior history, its purpose and effect, and whether retroactivity will further or retard its operation; and (3) the court must consider the inequity flowing from retroactive application, including unfairness and hardship to the parties.

*Griggs,* 702 P.2d at 1020. These three factors must be examined to determine whether "manifest injustice" would result from the retroactive application of *Burk.*

The *Burk* decision "did not abrogate the long-standing terminable-at-will rule but only limited its application to those situations in which the employee's discharge results from the employer's violation of a clear public policy." 770 P.2d at 28. "It is well settled in Oklahoma a tort may arise in the course of the performance of a contract and that tort may then be the basis for recovery even though it is the contract that creates the relationship between the parties." *Id.* (citing *Hall Jones Oil Corp. v. Claro,* 459 P.2d 858, 861 (Okla.1969); *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.,* 700 P.2d 1023, 1027 (Okla. App.1983).

The public policy exception to the employment-at-will rule seeks to maintain a proper balance "among the employer's interest in operating a business efficiently and profitably, the employee's interest in earning a livelihood, and society's interest in seeing its public policies carried out."

*Id.* (quoting *Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 129, 52 Ill.Dec. 13, 15, 421 N.E.2d 876, 878 (1981). Retroactive application of *Burk* will only further the operation of the limited public policy exception to employment-at-will doctrine by advancing well-established public policies. Liability is imposed on an employer only when "an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Id.* at 29.

Unfairness and undue hardship would be imposed upon discharged employees by a merely prospective application of the *Burk* decision. Appellant would be deprived of an actionable tort claim for his employer's alleged violation of a clear expression of public policy found in the perjury statute. *See* Okla.Stat. tit. 21, § 491 (1981). In contrast, no inequity will result from the retroactive application of *Burk.* Employers accused of violating clear expressions of public policy cannot be said to have justifiably relied on the employment-at-will doctrine.

Nor will appellees in this action be substantially harmed by being forced, at a new trial, to present evidence that appellant's discharge was motivated by poor employee performance rather than his refusal to sign false small claims affidavits. Appellees' claim of "good-faith reliance" on the employment-at-will doctrine cannot justify its alleged tortious firing for an employee's refusal to commit a crime. No "manifest injustice" will result from requiring appellees to defend against appellant's claim.

The *Burk* decision will be given retroactive application. This case is remanded to the trial court to determine whether appellant's firing violated an established and well-defined public policy.

CERTIORARI GRANTED; COURT OF APPEALS' OPINION VACATED; CAUSE REMANDED FOR NEW TRIAL.

HARGRAVE, C.J., and DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

OPALA, V.C.J., and LAVENDER, J., concur in result.

SIMMS, J., dissents.

KAUGER, J., recused.

OPALA, Vice Chief Justice, with whom LAVENDER, Justice, joins, concurring in result.

I concur in the result reached in this appeal, but I would give prospective effect to this court's pronouncement in *Burk v. K-Mart Corp.*, Okl., 770 P.2d 24 [1989], and apply it solely to that case, to cases like this one, which were *then* pending in the trial or appellate litigation process, and to claims which have arisen *since* the date mandate was issued in *Burk. Amoco Production v. Corp. Com'n of Okl.*, Okl.App., 751 P.2d 203, 208 [1986]; Schepp v. Hess, Okl., 770 P.2d 34, 39 [1989].