Jerrol TODD, Appellant,

v.

**FRANK'S TONG SERVICE, INC., Appellee.**

No. 69918.

Supreme Court of Oklahoma.

Sept. 19, 1989.

Rehearings Denied Dec. 12, 1989 and Jan. 9, 1990.

Hammons, Hammons & Taylor by Mark Hammons, El Reno, for appellant.

Kirk & Chaney by Mark K. Stonecipher and Matthew L. Standard, Oklahoma City, for appellee.

HODGES, Justice.

Jerrol Todd (hereinafter "appellant") was employed as a truck driver by Frank's Tong Service, Inc. (hereinafter "appellee") until his termination. Thereafter, on April 20, 1987, the appellant filed a complaint with the Secretary of Labor alleging that his discharge violated 49 U.S.C.App. § 2305 of the Surface Transportation Assistance Act. A review of the findings and preliminary order issued by an investigator for the Secretary of Labor is currently pending before an administrative law judge from the United States Department of Labor. Seven days after the labor complaint was filed the appellant proceeded to file a petition in state court alleging wrongful termination based on a violation of the implied duty of good faith in employment contracts. This petition was dismissed without prejudice by the trial court but the appellant was allowed to amend and, approximately five months later, the appellant filed his First Amended Petition claiming that the termination by the appellee constituted a tort of wrongful discharge because it contravened principles of public policy. The appellee renewed its motion to dismiss and the case was dismissed with prejudice due to "failure to state a claim upon which relief [could] be granted and lack of subject matter jurisdiction." The Court of Appeals affirmed the judgment of the trial court.

The issues presented to us are (1) whether the federal Surface Transportation Assistance Act (hereinafter "STAA") has preempted the appellant's state court claim and (2) whether Oklahoma recognizes an action in tort for wrongful discharge. The first issue being a question of first impression we grant certiorari and hold that the appellant's state court cause of action is not preempted by the STAA. As to the second issue, our recent holding in *Burk v. K–Mart Corp.*, 770 P.2d 24 (Okla.1989), recognizes the tort of wrongful discharge as a limited public policy exception to the terminable-at-will rule.

The case before us involves a claim made under a federal regulatory scheme (the STAA) wherein the authority of the Inter-state Commerce Commission has been transferred to the Secretary of Transportation for the purpose of establishing requirements for driver qualifications and driver hours of service for employees of motor carriers and motor private carriers. 49 U.S.C. § 3102. The appellant has filed a claim with the Secretary of Labor pursuant to the procedure set out in 49 U.S.C.App. § 2305 which is entitled "Protection of Employees" and prohibits the discharge, discipline or discrimination by an employer against an employee who has filed a proceeding relating to a violation of a commercial motor vehicle safety rule, regulation, standard or order. The appellee asserts that the filing of this action preempts any state law action based on the Rules for Implementing section 405 [49 U.S.C.App. § 2305] of the STAA, 29 C.F.R. § 1978.102(e) which states:

(e) *Relationship to Section 11(c) [of the Occupational Safety and Health Act (hereinafter "OSHA")] complaints.*

A complaint filed by an employee within thirty days of the alleged violation or otherwise timely filed pursuant to section 11(c) of the OSH Act, which alleges discrimination relating to safety or health, shall be deemed to be a complaint filed under both section 405 [49 U.S.C. § 2305] and section 11(c). Normal procedures for investigations under both sections will be followed, except as otherwise provided.

Thus, the appellee's position is that the appellant's state law claim is identical to the claim filed with the Secretary of Labor and, if the federal claim is "deemed to be" a claim under § 11(c) of OSHA, then past cases holding that: (1) OSHA preempts wrongful termination suits and (2) any private cause of action for wrongful termination would be in conflict with OSHA, are dispositive of the state law claim. We do not agree.

I.

While the appellant urges us to view this case as an OSHA-related claim we find that the relationship between OSHA and the STAA is one of procedural convenience only as demonstrated by the

above-quoted implementation rule as well as further investigatory procedures codified at 29 C.F.R. § 1978.104(c) which reads as follows:

> (c) Upon the issuance of findings that there is reasonable cause to believe that a violation has occurred, *any pending section 11(c) complaint will be suspended until the section 405 proceeding is completed.* When the section 405 proceeding is completed the Assistant Secretary will determine what action, if any, is appropriate on the section 11(c) complaint. If the Assistant Secretary's findings indicate that a violation has occurred, *the Assistant Secretary shall make a separate determination as to whether section 11(c) has been violated.* (emphasis added)

Clearly, in approving the implementation of the above section, Congress intended that claims under § 11(c) of OSHA and § 405 of the STAA be treated separate and distinct one from the other despite the fact that the basis of the claims may be similar. Thus, an analysis that cases pertaining to the preemptive nature of OSHA necessarily demonstrates the preemptive nature of the STAA is in error. Rather, it is necessary to make a separate review of Congressional intent as it relates to the STAA.

■ Generally, preemption is a matter of Congressional intent that occurs under four instances: (1) express statutory language; (2) a pervasive regulatory scheme that infers by its presence that Congress felt the federal regulation did not need supplemental state law provisions; (3) an actual conflict between state and federal laws making it physically impossible to comply with both; or (4) where the objectives and purpose of Congress are thwarted by state law. *Missouri–Kansas Texas R. Co. v. State,* 712 P.2d 40 (Okla.1985). If there is a question of whether a presumption of preemption is present, it has been held that such arises only in situations where there is a conspicuous federal intent to exclude the questioned state law. *Guschke v. City of Oklahoma City,* 763 F.2d 379 (10th Cir.1985). In these instances the presumption must be supported by express statutory language or a clear legis-

lative history before Congress can be attributed with an intention to preempt the state action. *Miller v. Youakim,* 440 U.S. 125, 99 S.Ct. 957, 59 L.Ed.2d 194 (1979). Where a presumption of preemption arises based on the fact that the state regulated conduct is arguably protected or prohibited by the federal law the presumption can be rebutted by a showing that (1) there are unusually deeply-rooted local interests at stake or (2) the conduct regulated by the state is, at best, one of peripheral concern to the federal law objectives. This requires a balancing test between the state interests involved and the impact of the state regulatory scheme on the federal law. *Dority v. Green Country Castings Corp.,* 727 P.2d 1355 (Okla.1986).

A relevant portion of the legislative history of the STAA as it is found in the Congressional Record is the most persuasive evidence of Congressional intent we have found:

> "MR. PERCY. Mr. President, I am concerned with one point which needs to be clarified. Although the Commerce Committee hearings concerning the Truck Safety Act demonstrated that *existing remedies of law were inadequate to protect truckdrivers, I am nonetheless worried that the job protection, or whistleblower, provision might have the effect of preempting other avenues of relief, and remedies that might be available to employees under union contracts, or statutory or common law."*
>
> "MR. DANFORTH. I am glad that you raised this point and I do want to recognize the invaluable assistance you rendered to this committee in connection with its consideration of this legislation. *The driver protection provisions of title IV are most certainly intended to strengthen, not displace, any existing remedies employees may have at law."* S.Cong.Rec. 32511, Dec. 19, 1982. Comments of the principal author. (emphasis added)

In recent years Congress has played a major role in the protection of workers where job safety and health is concerned. The STAA has been independently legislat-

ed and implemented with specific regulations affecting the job safety of employees of motor carriers. While Congress felt a need to address safety issues peculiar to the motor carrier industry it clearly did not intend that any federal legislation in this area be so pervasive that it presumptively preclude state laws promoting the same general purposes and objectives.

The remedies available to the appellant by his state tort action clearly exceed the scope of the STAA and its statutory remedies of abatement of the violation, reinstatement and compensatory damages. In no way does the appellant's state court claim cause conflict with the federal regulation nor does it detract from the objectives of the federal regulatory scheme. Rather, allowing the state court claim appears to further the purpose of Congress in its enactment of the STAA. Therefore, we hold that the provisions of the Surface Transportation Assistance Act do not preempt the appellant's state court claim in this case.

## II.

We now address the question of whether the trial court properly granted the appellee's motion to dismiss prior to trial for failure to state a claim. On review of any demurrer to a petition it is necessary to liberally construe all of the facts pleaded. In addition, all of the allegations and reasonable inferences which may be drawn from the petition must be taken as true. *Keel v. Titan Const. Corp.*, 639 P.2d 1228 (Okla.1982).

Of primary importance is our recent holding in *Burk v. K–Mart Corp.*, 770 P.2d 24 (Okla.1989) where we recognized "a limited public policy exception to the terminable-at-will rule as an actionable tort claim in cases in which the discharge is contrary to a clear mandate of public policy." We have since given retroactive application to *K–Mart. McGehee v. Florafax Int'l, Inc.*, 776 P.2d 852 (Okla.1989).

The appellant's First Amended Petition alleges that his termination was a direct result of his refusal to operate "motor vehicles with defective brakes, headlights and turnsignals." 47 O.S. § 12–201 et seq. set forth state regulations regarding the presence and operation of lamps and other lighting equipment on motor vehicles that are operated on state highways. 47 O.S. § 12–301 sets forth requirements for motor vehicle brake equipment. These statutes contain mandatory language regarding compliance. Injuries occurring as a direct consequence of violations of these statutes can result in actionable negligence. *Harbour–Longmire Bldg. Co. v. Carson*, 208 P.2d 173 (Okla.1949).

The express language of the Oklahoma statutes cited in the appellant's petition and the penalties imposed are plain evidence of state public policy as it regards safety in motor vehicles. To allow employers to dismiss employees who refuse to drive vehicles not conforming to statutory mandates of safety equipment and operation obviously contravenes this state's deeply rooted interest and public policy commitment to making its highways as safe as possible. We thus find that the allegations and reasonable inferences to be drawn from the appellant's First Amended Petition clearly state a cause of action and therefore the granting of the motion to dismiss with prejudice by the trial court was in error.

COURT OF APPEALS' OPINION VACATED. CASE REVERSED AND REMANDED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, DOOLIN, WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, Justice, Dissenting:

I believe the trial court and Court of Appeals reached the correct result in this matter and I would refuse to grant certiorari.