above styled and numbered cause is hereby WITHDRAWN.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE
Presiding Judge
/s/ Gary Lumpkin
GARY LUMPKIN
Vice Presiding Judge
/s/ Tom Brett
TOM BRETT
Judge
/s/ Ed Parks
ED PARKS,
Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge

**William Franklin PROBST, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–89–987.**

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1991.

### ORDER GRANTING PETITION FOR REHEARING

The State of Oklahoma has filed a Petition for Rehearing asking that the Court clarify certain language set forth in the opinion handed down herein on September 9, 1991. Now on this 1st day of November, 1991, having examined the Petition for Rehearing filed by the State of Oklahoma in the above styled and numbered cause, and being fully advised in the premesis, this Court finds that clarification of certain language concerning statutory construction is necessary and that the petition should be, and is hereby GRANTED.

The clarification required does not change the ultimate disposition of the case. However, to avoid unnecessary confusion the original opinion handed down in the

**Roy PROCTOR and Judy Proctor, Appellants,**

v.

**Tom CAUDILL, Individually, Dale L. Frederick, Individually, and Precision Machine and Manufacturing Company, an Oklahoma Corporation, Appellees.**

**No. 75803.**

Court of Appeals of Oklahoma, Division No. 3.

May 14, 1991.

Rehearing Denied July 1, 1991.

Certiorari Denied Dec. 9, 1991.

Richard W. Lowry and Tami D. Mickelson, Vinita, for appellants.

Coy D. Morrow and Jay L. Fields, Miami, for appellees.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

This appeal arises from the order of the trial court dismissing the claims of Roy and Judy Proctor (Appellants) for retaliatory discharge under 85 O.S.1981 §§ 5–7, against Precision Machine and Manufacturing Company and Tom Caudill and Dale L. Frederick, individually (Appellees). The trial court found that 29 U.S.C. § 793, the Rehabilitation Act of 1973, governs Appellants' claims and that jurisdiction is with the Office of Federal Contract Compliance Programs (OFCCP). Thus, the Court found the state statute was pre-empted by this federal law. The trial court also dismissed the individual defendants, ruling the facts, as plead, did not warrant recovery against them.

■ Appellant raised three propositions in this appeal: (1) the Vocational Rehabilitation Act of 1973, which prohibits discrimination because of handicap, does not pre-empt 85 O.S.1981 §§ 5–7, which prohibits retaliatory discharge for filing a workers' compensation claim; (2) Appellees Caudill and Frederick are individually liable for committing the tort of retaliatory discharge; and, (3) Appellants are entitled to summary judgment because employer failed to follow 12 O.S. § 2012(B), District Court Rule 13, and the instructions of the Supreme Court in *Buckner v. General Motors Corp.*, 760 P.2d 803 (Okl.1988). The threshold issue before us is whether 85 O.S.1981 §§ 5–7 of the Oklahoma Workers' Compensation Act is pre-empted by the Rehabilitation Act of 1973, 29 U.S.C. § 793.

85 O.S.1981 § 5 provides:

No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided, no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.

29 U.S.C. § 793 provides:

Employment under Federal contracts

(a) Amount of contracts or subcontracts; provisions for employment and advancement of qualified individuals with handicaps; regulations

Any contract in excess of $2,500 entered into by any Federal department or agency for the procurement of personal property and nonpersonal services (including construction) for the United States shall contain a provision requiring that, in employing persons to carry out such contract, the party contracting with the United States shall take affirmative action to employ and advance in employment qualified individuals with handicaps as defined in § 706(8) of this title. The provisions of this section shall apply to any subcontract in excess of $2,500 entered into by a prime contractor in carrying out any contract for the procurement of personal property and nonpersonal services (including construction) for the United States. The President shall implement the provisions of this section by promulgating regulations within ninety days after September 26, 1973.

Appellants contend that the purposes of the two statutes are different, and thus, § 793 does not pre-empt the state law. Our Supreme Court, in *Todd v. Frank's Tong Service, Inc.*, 784 P.2d 47 (Okl.1989), stated four circumstances under which pre-emption exists: (1) express statutory language; (2) a pervasive regulatory scheme that infers by its presence that Congress felt the federal regulation did not need supplemental state law provisions; (3) an actual conflict between state and federal laws making it physically impossible to comply with both; or, (4) where the objectives and purpose of Congress are thwarted by state law. The Supreme Court, citing *Guschke v. City of Oklahoma City*, 763 F.2d 379 (10th Cir.1985), also stated that if there is a question of whether a presumption of pre-emption exists, such presumption arises only in situations "where there is a conspicuous federal intent to exclude the questioned state law." 784 P.2d at 49. The Court further stated, at page 49:

Where presumption of pre-emption arises based on the fact that the state regulated conduct is arguably protected or prohibited by the federal law the presumption can be rebutted by a showing that (1) there are unusually deeply-rooted local interests at stake; or, (2) the conduct regulated by the state is, at best, one of

peripheral concern to the federal law objectives. This requires a balancing test between the state interests involved and the impact of the state regulatory scheme on the federal law. *Dority v. Green Country Castings Corp.*, 727 P.2d 1355 (Okl.1986).

In dismissing this case on pre-emption grounds, the trial court cited as authority *Fergerstrom v. Data Point Corporation and Intelogic Trace, Inc.*, 680 F.Supp. 1456 (USDC Hawaii 1988), which cited *Howard v. Uniroyal, Inc.*, 719 F.2d 1552 (11th Cir. 1983). Both *Fergerstrom* and *Howard* are distinguishable from the present case. In *Fergerstrom*, the District Court was not asked to decide whether this federal statute pre-empted a Hawaii state statute. The employee had been injured on the job and filed a claim for workers' compensation benefits, which he received. He was later administratively terminated because he was unavailable for work for more than ninety (90) days. He filed a complaint with the State Department of Labor alleging he was terminated for filing a workers' compensation claim. He also filed a complaint with the OFCCP, alleging violation of federal statute § 793, and a lawsuit against the employer in Federal District Court for wrongful termination under several causes of action, including wrongful termination and breach of the public policy exception to the employment at will doctrine. Under that cause of action, Plaintiff alleged his termination was in violation of the Hawaii statutes and § 793. In a footnote, the Court stated the employee could not maintain this cause of action because § 793 pre-empted any state tort action and because the administrative remedies in § 793 were the employee's exclusive remedy. It cited *Howard v. Uniroyal, Inc.*, as authority. We have examined *Howard v. Uniroyal, Inc.*, which addressed the question: whether § 793 pre-empts a qualified handicapped individual's claim under state law as a third party beneficiary of the affirmative action clause contained in contracts between his employer and the federal government. In examining the legislative history of § 793 and the Code of Federal Regulations relating thereto, the 11th Circuit decided the

procedures under § 793 were exclusive. It cited 41 CFR § 650–741.32:

The procedures set forth in the regulations in this part govern all disputes relative to a contractor's compliance with the affirmative action clause and the requirements of this part.

The Court also states:

The detail and precision with which Congress provided the means for the enforcement of the affirmative action clause makes it reasonable to infer that Congress left no room in § 503(b) [§ 793] for state contract actions to supplement it.

This case is thus distinguishable, as it did not address Hawaii's workers' compensation laws or actions in tort under state law. It merely held,

The remedy provided in precise detail by Congress in enacting § 503(b) was intended to be the plaintiff's sole means of enforcing the *affirmative action clause contained in the contract* between his employer and the federal government.

We are more persuaded by the reasoning of the Court of Appeals for the Tenth Circuit in *Marshall v. TRW, Inc., REDA Pump Division,* 900 F.2d 1517 (10th Cir. 1990); and, *Peabody Galion v. Dollar,* 666 F.2d 1309 (10th Cir.1981). Both cases dealt with the issue of pre-emption of Oklahoma's retaliatory discharge provisions of the Workers' Compensation Act, 85 O.S.1981 §§ 5–7 by federal labor statutes under the national labor relations act (NLRA). In *Peabody Galion* the Tenth Circuit found that the Oklahoma Statute was a law of general applicability and applied to all of Oklahoma's employees, not just union members or employers governed by collective bargaining agreements negotiated under federal law. The Court stated:

The Oklahoma Statute cannot be said to exceed the narrow scope of proper state concern about its workers' compensation laws.

The court held the state statute would fit within the "state concern" exceptions to the pre-emption requirement. The Court also noted that the Oklahoma statute "undertakes to regulate conduct that is purely local in its character". The Court concluded that the Oklahoma Statute was not facially pre-empted by *any of the federal labor laws.* (Emphasis added). The Tenth Circuit in *Marshall,* found:

[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes.

In the present case, pursuing Appellant's retaliatory discharge claim under Oklahoma law will not impede or thwart the federal law relating to taking affirmative action on behalf of handicapped employees employed by contractors who are parties to federal contracts. Although both statutes are designed to prevent discrimination against persons in the work force who are handicapped or disabled, we fail to see how pursuing an Oklahoma retaliatory discharge claim, a matter of purely local concern, will impede or interfere with § 793. Absent judicial directive from the Court of Appeals for the Tenth Circuit that the Oklahoma law must defer to the federal law, we find no reason to so hold. Indeed, the Tenth Circuit appears to take the stand that this Oklahoma law is not pre-empted "by any of the federal labor laws".

█ The trial court also sustained the individual Appellees' motion to dismiss them from the action, finding that Appellant was employed by the corporation, and that the facts did not warrant a recovery against the individuals. We agree with the trial court. Appellants allege by affidavit that the individuals terminated his employment with the corporation. However, there is no cause of action plead, separate from the retaliatory discharge action, against the individuals.

"Employer" is defined at 85 O.S.Supp. 1988 § 3(3) (since amended) of the Workers' Compensation Act:

(3) 'Employer', except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a

person, partnership, association or corporation, ... employing a person included within the term 'employee' as herein defined.

Neither the petition nor the affidavit of Appellant alleges the individuals "employed" him. The trial court properly dismissed the individuals. This portion of the trial court's judgment is affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

HUNTER, C.J., and HANSEN, J., concur.