Ernest F. WOOLRIDGE,
et ux., Plaintiffs,

v.

REDMAN HOMES, INC., Advantage Housing, Inc., and Gem Homes, Inc. f/k/a Advantage Housing, Inc., Defendants.

Civ. A. No. CA–7–91–0030.

United States District Court,
N.D. Texas,
Wichita Falls Division.

July 18, 1991.

Clayton S. Kramer, Wichita Falls, Tex., for plaintiffs.

Daniel L. Bates, Decker, Jones, McMackin, McClane, Hall & Bates, Fort Worth, Tex., for defendants.

## ORDER REMANDING CAUSE

MARY LOU ROBINSON, District Judge.

Before the Court is Plaintiffs' Motion to Remand, filed May 24, 1991. No response to this Motion has been filed by any Defendant. For the following reasons, this Motion is granted.

## BACKGROUND

This case arises out of the sale of a manufactured home to Plaintiffs by Defendant Advantage Housing, Inc. (Advantage). Plaintiffs claim that formaldehyde gas generated by their mobile home caused them severe health problems, which eventually caused them to lose their home. Plaintiffs assert that the Defendants are liable for these injuries because they breached their duty to warn Plaintiffs of the dangers of formaldehyde gas.

In addition, Plaintiffs claim that the Defendants failed to use reasonable care in the design, testing, manufacture, and construction of their mobile home. Plaintiffs allege that the Defendants breached express warranties regarding the quality of the home, and that the Defendants also engaged in unconscionable conduct and committed fraud.

Plaintiffs maintain that their suit is brought pursuant to the Texas Deceptive Trade Practices Act (DTPA). However, this suit necessarily involves the National Manufactured Housing Construction and Safety Standards Act (Federal Act) and the Texas Manufactured Housing Standards Act (Texas Act) as well, because these two acts establish all standards for manufactured housing, including construction standards and the duty to warn of formaldehyde dangers.

On April 26, 1991, Defendants removed this action from state court asserting that the Federal Act, 42 U.S.C. § 1504, *et seq.*, completely preempts Plaintiffs' claims based both on the Texas Act, Tex.Rev.Civ. Stat.Ann. art. 5221f § 1, *et seq.* (Vernon 1987) and the Texas DTPA, Tex.Bus. & Com.Code Ann. § 17.41, *et seq.* (Vernon 1987). On May 24, 1991, Plaintiffs filed for remand, claiming that the Federal Act does not preempt either the Texas Act or the Texas DTPA, and thus this Court lacks subject matter jurisdiction over this case.

## DISCUSSION

Whether a Federal act will preempt a state act is a matter of congressional intent. *Gushke v. City of Oklahoma City,* 763 F.2d 379, 383 (10th Cir.1985). In order to make its intent clear, Congress may explicitly define the extent to which federal law will preempt state law. *Michigan Canners & Freezers Ass'n, Inc. v. Agricultural Mktg. and Bargaining Bd.,* 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399 (1984). Within the Federal Act, Congress expressly defines the Act's preemptive reach.

The Act provides that no state shall have the authority to establish "any standard regarding construction or safety applicable to the same aspect of performance of such manufactured home which is not identical to the federal manufactured home construction and safety standard." 42 U.S.C. § 5403(d). This act precludes states "from imposing *construction and safety* standards upon manufactured homes that differ in any respect from standards developed by" the Department of Housing and Urban Development (HUD). *Scurlock v. City of Lynn Haven, Fla.,* 858 F.2d 1521, 1524 (11th Cir.1988) (emphasis in original). However, state laws that establish standards in areas where there has been no federal action, or that enact state standards which are identical to the federal standards, will not be preempted by federal law. *See id.* at 1524–27; 42 U.S.C. § 5403(d).

■ In this case, the Plaintiffs allege a violation of the DTPA, which allows a cause of action against fraud and unconscionable conduct in state courts. The Federal Act does not preempt any claim of fraud or unconscionable conduct, because, as the Act states, the only state laws that are preempted are those that establish *safety* or *construction* standards different from HUD standards. The Texas DTPA allows for a remedy for undesirable conduct; it does not set any safety or construction standards. The Federal Act contains no provisions regarding remedies for fraud or unconscionable conduct. Since the Federal Act will only preempt state law if that law differs from standards that federal law has already set, the Federal Act by its express intent does not preempt the Plaintiffs' DTPA claims.

■ In determining whether the Defendants breached their duty to warn of formaldehyde dangers or violated construction guidelines (whether fraudulently or negligently), federal standards apply. The Federal Act does not preempt these aspects of the Texas Act, however, because the Texas standards are identical to the federal standards and regulations. The Texas Act explicitly adopts all federal safety and construction standards and provides for administration and enforcement remedies pursuant to state law. *See* Tex.Rev.Civ.Stat. Ann. art. 5221f § 4 (Vernon 1987).

The Texas Act also expressly adopts the federal guidelines for formaldehyde warnings and provides for enforcement of the federal guidelines. *Id.* at § 20(b). Under the claims and allegations of this case, because the Texas Act establishes no safety or construction guidelines that differ in any respect from the federal standards, the Court finds that the Federal Act does not preempt the State Act.

■ While Plaintiffs may have chosen to pursue claims jointly under the federal and state standards and regulations, they have not done so. As masters of their claims they may pursue only state law remedies. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v.*

*Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). "Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(c)," *id.,* and these state law claims could not have been brought in federal court, removal was improper.

### CONCLUSION

Because no federal claims are brought by Plaintiffs and because no federal preemption exists under the facts of this case, the Court finds that it lacks subject matter jurisdiction over this action. The Court therefore finds that this case was removed improvidently and without jurisdiction.

This action is hereby REMANDED to the 90th District Court of Young County, Texas.

All relief not herein granted is denied.

It is SO ORDERED.