982 F.2d 528
 8 IER Cases 320
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anna M. CARTER, Plaintiff-Appellant,
v.
FREYMILLER TRUCKING, INC., Defendant-Appellee.
 No. 91-6305.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Anna Carter appeals the district court's order granting the summary judgment motion of defendant-appellee Freymiller Trucking, Inc., on plaintiff's cause of action asserted under Oklahoma law for wrongful discharge in violation of public policy. The specific issue presented is whether defendant's termination of plaintiff's employment, when she became too ill to perform her duties as a long haul truck driver, violated public policy. Upon review of the record and the parties' arguments, we agree with the district court that defendant's action did not violate public policy and, therefore, we affirm.
 
 
 2
 This court reviews the district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 3
 The undisputed facts indicate the following: Plaintiff had worked for defendant as a long haul truck driver since June 1988. In September 1989, plaintiff began experiencing medical problems, including nasal congestion, headaches, dizziness, weakness, loss of hearing, and ringing and throbbing in her left ear. While plaintiff was out on the road, she sought medical attention in both Florida and Pennsylvania. Each time doctors advised plaintiff to consult an ear, nose, and throat specialist.
 
 
 4
 When plaintiff returned home to Oklahoma City, she did consult such a specialist, Dr. Rogers, on October 24. Dr. Rogers prescribed medication and asked plaintiff to come back in a month. Because her condition appeared to improve, plaintiff returned to work. Defendant was able to accommodate plaintiff by scheduling her driving assignments so that she could return to Oklahoma City in time for her next appointment.
 
 
 5
 When plaintiff did see Dr. Rogers again, on November 21, she still complained of hearing loss, as well as ringing and throbbing in her left ear. Dr. Rogers scheduled a CT scan for the following month, on December 28. Plaintiff informed one of defendant's dispatchers that she had to be back in Oklahoma City on December 28 for the CT scan and the dispatcher assured her that it would be scheduled into the company's computer. Nonetheless, defendant failed to schedule plaintiff's assignments so that she could return to Oklahoma City by December 28.
 
 
 6
 Beginning on December 20, when plaintiff reminded one of the dispatchers of her appointment for the CT scan, defendant's dispatchers informed plaintiff that they had no record of her December 28 medical appointment and that they did not have any assignments that would return her to Oklahoma City by that date. They assured her, however, that they would try to obtain for her an assignment to Oklahoma City as soon as possible.
 
 
 7
 On December 27, plaintiff delivered a shipment from California to New Jersey. She was then dispatched to Connecticut, Quebec, and Illinois. Upon arriving in Illinois on January 8, 1990, plaintiff told the dispatcher that she was too ill to drive and that she had to get to Oklahoma City to obtain medical treatment. Because there was still no available assignment destined for Oklahoma City, defendant's dispatcher offered plaintiff the option of accepting an assignment to either Louisiana or Pennsylvania or getting off the truck. Plaintiff declined to accept another driving assignment and refused to get off the truck, but instead drove defendant's truck back to Oklahoma City.
 
 
 8
 In mid-January, when plaintiff began to feel better, she called defendant to obtain another driving assignment. At this time, however, according to plaintiff's deposition testimony, the dispatcher informed plaintiff that she had been terminated on January 9. Plaintiff finally had a CT scan in April 1990, which revealed the presence of a tumor on the nerve between plaintiff's left ear and her brain. That tumor had to be surgically removed.
 
 
 9
 It is undisputed that plaintiff was an at-will employee. In an at-will employment relationship governed by Oklahoma law, the "employer may discharge an employee for good cause, for no cause or even for cause morally wrong, without being thereby guilty of legal wrong." Burk v. K-Mart Corp., 770 P.2d 24, 26 (Okla.1989). Oklahoma courts, however, have recognized a limited public policy exception to this at will employment doctrine. Id. at 28. That exception applies only in a "narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law." Id.; see also Williams v. Maremont Corp., 875 F.2d 1476, 1479 (10th Cir.1989) (Oklahoma Supreme Court takes "narrow view with regard to circumstances under which a tort cause of action would arise in an employee discharge context").
 
 
 10
 Relying upon Todd v. Frank's Tong Service, Inc., 784 P.2d 47 (Okla.1989), plaintiff argues that defendant's decision to fire her, after she declined to accept another driving assignment because she was too ill to drive, violated public policy, as articulated in federal Department of Transportation regulations:
 
 
 11
 No driver shall operate a motor vehicle, and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the motor vehicle. However, in a case of grave emergency where the hazard to occupants of the vehicle or other users of the highway would be increased by compliance with this section, the driver may continue to operate the motor vehicle to the nearest place at which that hazard is removed.
 
 
 12
 49 C.F.R. § 392.3.
 
 
 13
 In Todd, the Oklahoma Supreme Court held that an employee who alleged that he had been fired for refusing to drive a truck in a condition which violated state law stated an actionable claim under the public policy exception to at will employment. 784 P.2d at 50. Specifically, the plaintiff in Todd refused to operate "motor vehicles with defective brakes, headlights, and turn signals" because such conditions violated Oklahoma statutory law. Id. The Oklahoma Supreme Court held that "[t]o allow employers to dismiss employees who refuse to drive vehicles not conforming to statutory mandates of safety equipment and operation obviously contravenes this state's deeply rooted interest and public policy commitment to making its highways as safe as possible." Id.
 
 
 14
 Plaintiff asserts that, just as the plaintiff in Todd was fired for refusing to violate safety regulations, she, too, was fired because she refused to violate 49 C.F.R. § 392.3 by accepting another driving assignment when she was too ill to drive. This case, however, is distinguishable from Todd. First, plaintiff was not fired after refusing to accept another driving assignment. Rather, plaintiff was terminated when, after declining to accept another assignment and refusing to get off the truck, she drove defendant's truck back to Oklahoma City, contrary to defendant's instructions.
 
 
 15
 Secondly, in Todd, the plaintiff was ready and able to perform his job duties. He declined to do so only when those duties required him to violate state law. In this case, however, plaintiff, by her own admission, was unable to perform her duties of driving due to her illness. Defendant did not terminate plaintiff's employment because she refused to violate the Department of Transportation regulation, but because she was unable to drive her truck as required by her job.
 
 
 16
 In light of the Oklahoma Supreme Court's admonition that this narrow exception to the employment at will doctrine "must be tightly circumscribed," Burk, 770 P.2d at 28-29, we decline to extend Oklahoma's public policy exception to the facts of this case. See Bishop v. Federal Intermediate Credit Bank, 908 F.2d 658, 662 (10th Cir.1990) (Oklahoma Supreme Court "would proceed cautiously in declaring public policy exceptions to the at-will doctrine in the absence of prior legislative or judicial expressions on the subject," citing Burk, 770 P.2d at 29).
 
 
 17
 We, therefore, AFFIRM the decision of the United States District Court for the Western District of Oklahoma.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3