74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tammy TAYLOR, Plaintiff-Appellant,
v.
ALBERTSONS, INC., Defendant-Appellee.
 No. 95-6112.
(D.C.No. CIV-93-2150-M)
 United States Court of Appeals, Tenth Circuit.
 Jan. 11, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Tammy Taylor appeals the dismissal of her claim brought under the Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq. Ms. Taylor asserts that Defendant Albertson's, a grocery store chain, violated the ADA when it fired her because of her disability. Albertson's argues, however, that Ms. Taylor is not disabled within the meaning of the ADA. The district court, relying primarily on Bolton v. Scrivner, Inc., 36 F.3d 939 (10th Cir.1994), cert. denied, 115 S.Ct. 1104 (1995), granted summary judgment for Albertson's. We affirm.
 
 
 3
 Ms. Taylor worked as an order selector in an Albertson's distribution center. This job required her to engage in manual labor and constant lifting. On August 22, 1992, she sustained an injury to her right hand, wrist, arm, and shoulder. Subsequently, Ms. Taylor received treatment from several doctors and unsuccessfully attempted to return to light-duty work. Albertson's ultimately fired Ms. Taylor for abandoning her position.
 
 
 4
 The ADA only applies to Ms. Taylor if she meets the statutory definition of disabled. A disability is defined as:
 
 
 5
 (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
 
 
 6
 (B) a record of such an impairment; or
 
 
 7
 (C) being regarded as having such an impairment.
 
 
 8
 42 U.S.C. 12102(2). Ms. Taylor argues that she is substantially limited in the major life activity of working. When considering such a claim, the court should consider the following factors:
 
 
 9
 (i) The nature and severity of the impairment;
 
 
 10
 (ii) The duration or expected duration of the impairment; and
 
 
 11
 (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.
 
 
 12
 29 C.F.R. 1630.2(j)(2). The court must also consider whether the plaintiff is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." 29 C.F.R. 1630.2(j)(3)(i); Bolton v. Scrivner, Inc., 36 F.3d 939, 942 (10th Cir.1994), cert. denied, 115 S.Ct. 1104 (1995). Additionally, the court may consider:
 
 
 13
 (A) The geographical area to which the individual has reasonable access;
 
 
 14
 (B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or
 
 
 15
 (C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).
 
 
 16
 29 C.F.R. 1630.2(j)(3)(ii). To meet this burden, Ms. Taylor presented statements from her doctors indicating that she cannot perform jobs requiring repetitive arm movements and that her injuries resulted in a twenty-three percent disability to her person. She also presented evidence that the Postal Service had refused to consider her for employment because of her medical condition. Finally, Ms. Taylor stated that her injury had prevented her from caring for her own children.
 
 
 17
 Ms. Taylor's situation and the evidence presented by her are remarkably similar to the facts of Bolton v. Scrivner, Inc., 36 F.3d 939 (10th Cir.1994), cert. denied, 115 S.Ct. 1104 (1995). In Bolton, the plaintiff was injured while working as an order selector in a grocery warehouse. Plaintiff's evidence indicated that he had a nine percent disability in one foot and a twenty-nine percent disability in the other foot. As a result, plaintiff could not perform work requiring him to stand for long periods of time. The Oklahoma Employment Opportunity Commission awarded plaintiff unemployment benefits because he would only be able to continue the same line of work with certain standing and lifting limitations. Id. at 943-44. The court held that plaintiff's claim failed because he had not produced any evidence showing an inability to perform a class of jobs or a broad range of jobs in various classes, as required by 29 C.F.R. 1630.2(j)(3)(i). Bolton, 36 F.3d at 944. Ms. Taylor's case fits squarely within our holding in Bolton. Thus, we must affirm for the reasons given in that case.
 
 
 18
 Ms. Taylor also argues that she had a disability within the meaning of the ADA because Albertson's regarded her as having a disability. 42 U.S.C. 12102(2)(C). She points to the fact that Albertson's referred to her as "disabled." For her claim to have merit, however, she must show that Albertson's regarded her as disabled for more than a single job. Bolton, 36 F.3d at 942 (quoting Welsh v. City of Tulsa, 977 F.2d 1415, 1419 (10th Cir.1992)). She presented no evidence indicating Albertson's considered her disabled for anything other than her regular position. Thus, she cannot prevail on this prong of her argument.
 
 
 19
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3