UNITED STATES COURT OF APPEALS

**Filed 1/15/97**

_____

MARTIN EDWARD MILATZ,      )
                                           )

     Plaintiff-Appellant,      )

                                         )          No. 95-6184

v.                               )   (Western District of Oklahoma)

                                       )    (D.C. No. CIV-94-668-M)

FRITO-LAY, INC., a Division    )
of Pepsi Co., Inc., and        )
TERRY L. KELLY, individually   )
and in his managerial        )
capacity,                   )
                                         )

     Defendants-Appellees.    )

_____

### ORDER AND JUDGMENT[*]

_____

Before **BALDOCK, McWILLIAMS** and **RONEY**,[**] Circuit Judges.

_____

Martin Milatz sued his former employer, Frito-Lay, Inc., and supervisor, Terry Kelly, alleging retaliatory discharge and discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, by Frito-Lay and Kelly, and tortious

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

interference with employment relationship by Kelly. The district court entered summary judgment for all defendants except as to the retaliatory discharge claim, which was tried against Frito-Lay and was resolved by a verdict for the defendant. Plaintiff appeals. We affirm.

### *ADA Discrimination Claim*

We affirm summary judgment for defendants on the Americans with Disabilities Act claim because the district court correctly determined that plaintiff did not present sufficient facts to establish a disability under the statute. The district court correctly focused on only those events that occurred after the July 26, 1996 effective date of the Act. Americans with Disabilities Act of 1990, Pub. L. No. 104-336, § 108, 1991 U.S.C.C.A.N. (104 Stat.) 337.

The ADA prohibits discrimination against disabled individuals. A disability under the ADA is defined as (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2). Milatz's primary focus on appeal is his subsection (C) claim that he was "regarded as having" an impairment.

Milatz alleged that Frito-Lay discriminated against him by failing to rehire him to his route sales position due to a real or perceived limitation on his ability to use his wrist or shoulder. Terry Kelly was Milatz's supervisor at the time these acts occurred.

Milatz was a route salesman for Frito-Lay from 1986 until his termination in June 1992. In January 1992, Milatz developed numbness in his left hand and pain in his left

shoulder. He underwent carpal tunnel release surgery in March 1992, followed by a leave of absence. Following his return to work, Milatz was examined by Frito-Lay's rating physician who found him permanently partially disabled. Milatz alleges that after he admitted that his shoulder pain continued, Kelly refused to allow him to return to his job because he was not 100 percent.

Milatz took a second leave of absence during which he was terminated. Although Milatz raises claims of ADA discrimination in the events that led to his termination in June 1992, the district court correctly disregarded these claims because they fell before the July 26, 1992, effective date of the Act.

In May 1993, approximately one year later and after the ADA was in effect, Milatz informed Frito-Lay that he had recovered and was ready to return to his job. Milatz had undergone shoulder surgery in November 1992 and had obtained a work release from his physician effective June 1, 1993, with the single restriction of no overhead lifting. Frito-Lay informed Milatz that he had been terminated for job abandonment in 1992 and did not offer to rehire Milatz to his old job.

Milatz filed an EEOC claim in January 1994, was issued a notice of right to sue in May 1994, and filed this action. Frito-Lay and Kelly were awarded summary judgment on the ground that Milatz was not disabled under the ADA.

Milatz has never raised a serious issue that he was actually disabled under subsection (A) of the ADA disability definition or that he had a record of impairment under subsection

3

(B). Subsection (A) requires an actual physical impairment that substantially limits a major life activity. Milatz presents evidence related to impairment only in the major life activity category of work. Work constitutes a major life activity, but to qualify as ADA disabled, the impairment must significantly restrict the individual from performing "a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Bolton v Scrivner, Inc.*, 36 F.3d 939, 942 (10th Cir. 1994) (citing 29 C.F.R. § 1630.2(i)), *cert. denied*, 115 S.Ct. 1104 (1995). The inability to perform one particular job is not necessarily sufficient. *Id.* (citing *Welsh v. City of Tulsa*, 977 F.2d 1415 (10th Cir. 1992) (interpreting equivalent provision of the Rehabilitation Act)).

Milatz's evidence focuses only on the degree to which he is physically impaired, rather than any specific class or range of jobs from which he is excluded. While focusing on work as the major life activity for which he is impaired, Milatz does not identify a single job he cannot perform. We have previously held such evidence insufficient as a matter of law under subsection (A). *Bolton*, 36 F.3d at 944 (noting that the plaintiff's evidence failed to address any vocational training, the geographical area to which he had access, or the number and type of jobs demanding similar training for which the plaintiff would also be qualified).

While the district court order does not address subsection (B), the record indicates that Milatz's failure to establish a claim under the "record of impairment" theory was before the district court and that Milatz has not presented a material issue of fact under this theory either. Milatz's injury and worker's compensation rating were insufficient to establish

4

disability under subsection (A), and Frito-Lay's awareness of these same facts does not establish a "record of impairment" under subsection (B).

Under subsection (C), a person is disabled if he is "regarded as having," § 12102(2)(C), "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," § 12102(2)(A), regardless of whether he actually has such an impairment. *See MacDonald v. Delta Air Lines, Inc.*, 94 F.3d 1437, 1443 (10th Cir. 1996). The difference from the subsection (A) claim is that the focus shifts from the individual's actual physical or mental condition to the employer or others' perception of the individual's impairment. While the employee need not have actually suffered any impairment, the impairment perceived to exist by others must still be shown to be one that substantially limits a major life activity. *Id.*

Milatz's subsection (C) claim exhibits a deficiency similar to his claim under subsection (A). He offers evidence only that Frito-Lay may have perceived him to be too impaired to perform the sales route job, <u>not</u> evidence that Frito-Lay perceived him impaired in a class of jobs or broad range of jobs in various classes.

Just as a claim of actual disability under subsection (A) must show a <u>specific</u> class of jobs or a broad range of jobs from which the plaintiff is excluded, a claim of perceived disability must show a class of jobs or broad range of jobs from which the plaintiff is perceived to be precluded. *See Taylor v. Albertsons, Inc.*, No. 95-6112, 1996 WL 10931 at **2 (10th Cir. Jan. 11, 1996) (unpublished, disposition reported at 74 F.3d 1250) ("For

5

[employee's] claim to have merit . . . she must show that [employer] regarded her disabled for more than a single job."). Further, the misperception alleged here does not raise the specter of what appears to be the primary target of subsection (C)--discrimination based upon invidious stereotypes. *See Vande Zande v. Wisconsin Dep't of Admin,* 44 F.3d 538, 541 (7th Cir. 1995) (citing preamble to ADA, 42 U.S.C. § 12101).

### *Retaliatory Discharge Claim Against Kelly*

We affirm summary judgment for Kelly on the retaliatory discharge claim because he was not a proper party. An individual is not liable under the Oklahoma Workers' Compensation Act unless he actually employed the plaintiff. *Proctor v. Caudill*, 820 P.2d 1353, 1356 (Okla. Ct. App. 1991).

### *Tortious Interference Claim Against Kelly*

We affirm summary judgment for Kelly on the tortious interference claim because there was no contract of employment, Milatz at all times being an employee-at-will. A claim of tortious interference with employment relationship requires "the existence of a valid, enforceable contract." *Tatum v. Philip Morris, Inc.*, 809 F. Supp. 1452, 1468 (W.D. Okla. 1992), *aff'd*, 16 F.3d 417 (10th Cir. 1993), *cert. denied*, 114 S. Ct. 1833 (1994).

### *Retaliatory Discharge Claim Against Frito-Lay*

We affirm the judgment for Frito-Lay on the retaliatory discharge claim, entered after a jury verdict, finding no abuse of discretion in the trial court's pretrial and evidentiary rulings.

The motion for leave to amend the complaint was filed approximately six weeks after the established deadline to add claims of questionable validity. The record does not reflect any abuse of discretion in denying leave to amend, taking into consideration the relevant factors: justification for delay, prejudice to the opposing party, and futility of the proposed amendment. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1584-85 (10th Cir. 1993).

The case proceeded to trial on Milatz's claim for retaliatory discharge against Frito-Lay only after the district court denied Milatz leave to amend his complaint. At trial, the court refused to allow an expert, proffered by Milatz, to testify on the procedures, intricacies, and history of the workers' compensation system and his personal involvement with Milatz's workers' compensation proceedings. Reviewed under an abuse of discretion standard, *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 647 (10th Cir. 1991), there was no error in excluding this testimony on the ground it was irrelevant to the controlling issue: whether Milatz's discharge was motivated by his engaging in the concededly protected activity of filing a workers' compensation claim.

**AFFIRMED.**

Entered for the Court


Paul H. Roney
Senior Circuit Judge

7