Grady **WILLIAMS** and Lynette
Williams, Appellants,

v.

**DUB ROSS COMPANY**, an Oklahoma
Corporation, Appellee.

No. 84411.

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 10, 1995.

Rehearing Denied Feb. 21, 1995.

Certiorari Denied May 10, 1995.

Michael A. Taylor, Oklahoma City, for appellants.

Sam Hammons, Cheryl P. Hunter, Daniel L. Pulter, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

In this action for wrongful failure to hire, Appellants, Grady and Lynette Williams (the Williams), seek review of the trial court's order sustaining Appellee Dub Ross Company's (Ross) *Motion to Dismiss.*

The Williams initiated this action with their *Petition* alleging that in April 1993, Ross "failed to employ the Plaintiff because he learned that Plaintiff, a black male, was married to a caucasian female". The Williams further alleged "[t]he failure to employ Plaintiff based on an interracial marriage is discriminatory and a violation of Oklahoma public policy".

Ross moved to dismiss the Williams' *Petition,* arguing it failed to state a claim upon which relief could be granted [1] because (1)

Oklahoma law does not recognize a tort cause of action for an alleged violation of public policy due to failure to hire on the basis of race and (2) the Williams had not satisfied the jurisdictional prerequisites for a Title VII [2] claim.

In their *Response to Motion to Dismiss,* the Williams argued their *Petition* did set forth a claim upon which relief could be granted because (1) Oklahoma has expressed statutory [3] public policy in regards to discrimination in employment and (2) violation of that statutory public policy has been recognized as a tort by the Oklahoma Supreme Court in *Burk v. K–Mart Corporation,* 770 P.2d 24 (Okla.1989).

The trial court granted Ross's *Motion to Dismiss,* but also granted leave, pursuant to 12 O.S. 1991 § 2012(G), for the Williams to amend their *Petition* within 30 days. The Williams did file a *First Amended Petition,* however, the only substantive change was to allege that *both* Grady and Lynette Williams had applied for employment and had been wrongfully refused.

Ross again moved to dismiss the Williams' action, reiterating its arguments from the initial *Motion to Dismiss,* and further moved for an award of attorney fees against the Williams as sanctions for reasserting a groundless claim. The Williams essentially stood on the positions argued in their initial *Response to Motion to Dismiss,* but asserted they amended their *Petition* as a correction to reflect a claim for each of them.

The trial court granted Ross's second *Motion to Dismiss,* but denied the *Motion for Sanctions.* The Williams bring their appeal from the trial court's dismissal order. The appeal is on the trial court record, without appellate briefs, pursuant to Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991 Ch. 15, App. 2. In their *Petition in Error,* the Williams set forth as the single issue to be raised on appeal:

---

1. *See,* 12 O.S. 1991 § 2012(B)(6).

2. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

3. *See,* 25 O.S. 1991 § 1302(A).

The trial court erred at law in granting Defendant's Motion to Dismiss for failure to state a cause of action.

■ An action should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that a plaintiff can prove no set of facts to support any claim. *Bettis v. Brown*, 819 P.2d 1381 (Okla.App.1991). In reviewing an order granting a motion to dismiss, we will presume all allegations in the petition are true. *Bettis v. Brown*, at 1382.

■ The Williams' claim relies on a theory of common law tort. Their *Petition* does not allege a right to proceed under any statutory authority, and statutory relief would appear to have been precluded. When the Williams filed their *Petition* on April 11, 1994, the 300 day limitation period under 42 U.S.C. § 2000e–5(e), and the 180 day limitation period under 25 O.S. 1991 § 1502(A), had run, barring a filing under those anti-discrimination statutes. Further, while a *private* right of action is provided to persons aggrieved by racially discriminatory practices under Title VII (42 U.S.C. § 2000e–5), under Oklahoma anti-discrimination law (25 O.S. 1991 §§ 1101 *et seq.*), a private right of action is afforded only for discrimination based on handicap. *See, Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218, 1229 (Okla.1992).

■ Although given the opportunity to amend their *Petition* to allege claims under other theories, the Williams chose to stand on the single theory originally asserted—wrongful failure or refusal to hire. We find no right to claim under that theory.

The Williams cite *Burk v. K–Mart*, 770 P.2d 24 (Okla.1989), and *Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218 (Okla.1992), in support of their contention they are entitled to recover in tort for Ross's alleged violation of "statutory public policy". The Supreme Court's holdings in those cases are inapplicable to the matter before us.

■ In *Burk v. K–mart*, the Supreme Court adopted the "public policy exception to the at-will termination rule".[4] In *Tate v. Browning–Ferris, Inc.*, the Supreme Court recognized that a racially motivated *discharge*, or one in retaliation for filing a racial discrimination complainant, comes within the protection of *Burk*, and in discussing *Burk*, stated:

> ... we held in *Burk* that termination of an at-will employee, which contravenes a clear mandate of public policy is a *tortious breach of contractual obligations, compensable in damages.* (emphasis in original).

*Tate v. Browning–Ferris, Inc.*, 833 P.2d at 1225.

The Williams implicitly concede they now have no common law right of recovery, but ask us to extend the *Burk* public policy tort exception to a failure or refusal to hire. They correctly assert that failure or refusal to hire, based purely on racial considerations, is a violation of the statutory dictates in 25 O.S. 1991 § 1302[5], and that § 1302 provided the public policy basis for the *Tate v. Browning–Ferris* holding. The Williams, however, ignore the employer-employee contractual context in which *Burk* and *Tate v. Browning–Ferris* were decided.

The Williams do not cite us to any authority, and we are aware of none, which extends the public policy tort exception to a situation in which the employer-employee relationship is merely contemplated. Similarly, we are unaware of any authority for the proposition that one has a right to be hired. While there is a public benefit in proscribing discriminatory hiring practices, there are not the same private interests which our Supreme Court,

---

**4.** Under the at-will employment doctrine either the employee or employer can terminate the relationship without liability "when the length of the master/servant bond is unspecified by contract". *Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218, 1224 (Okla.1992) (footnote 23).

**5.** Section 1302 provides:
   A. It is a discriminatory practice for an employer:
   1. To fail or refuse to hire, ..., because of race, color, religion, sex, national origin, age or handicap ...

in *Burk*, found necessitated balancing the employer's interest in operating a business efficiently and profitably, and the employee's interest in earning a livelihood.

Our appellate courts have not ruled on the issue of a wrongful failure to hire tort. The state of the law in Oklahoma on that issue was noted in *Sanchez v. Philip Morris Inc.*, 992 F.2d 244 (10th Cir.1993), where an Hispanic male job applicant alleged reverse gender and national origin discrimination in violation of Title VII, and a public policy tort under Oklahoma law:

> A careful reading of [*Tate v. Browning-Ferris*] reveals that it was limited to wrongful *terminations* motivated by race or retaliation, which is closely related to the [*Burk v. K–Mart* ] wrongful discharge exception. The Tate decision simply does not make all Title VII cases actionable under the public policy tort exception enunciated in Burk. We note the Oklahoma Supreme Court has been very precise in carving out narrow exceptions to the employment-at-will doctrine, .... Therefore, the district court properly dismissed Appellee's public policy tort claim as *Oklahoma has yet to create an exception to the employment-at-will doctrine in the failure to hire context.* (emphasis added).

Our review indicates that even in other jurisdictions, wrongful failure or refusal to hire actions have, with very few exceptions, been brought under federal or state anti-discrimination statutes, and have sought the relief expressly provided by the statute.

Our sister court in Arizona did consider the alleged tort of wrongful failure to hire in *Bogue v. Better–Bilt Aluminum Co.*, 179 Ariz. 22, 875 P.2d 1327 (App.Div.1 1994), and *Burris v. City of Phoenix*, 179 Ariz. 35, 875 P.2d 1340 (App.Div.1 1993). Both cases involved questions of handicap, with claims under the Arizona Civil Rights Act[6], and for wrongful failure to hire on the theory that a tort action arose from a violation of the public policy found in the Act. The language of the Arizona anti-discriminatory employment practices statute is substantially the same as its Oklahoma counterpart.[7]

We are persuaded by the following reasoning of the Arizona Court of Appeals in *Burris*:

> First, we have found no state or federal court that has recognized the tort of wrongful failure to hire even though federal law and the laws of many states prohibit discrimination in hiring on the basis of such facts as race, national origin, sex or handicap.
>
> . . . . .
>
> We conclude that ACRA does not create a common law right that protects job applicants from wrongful failure to hire. Although wrongful discharge is a tort, the duty breached is created by the contractual employment relationship between the parties, even if it is a mere at-will contract.

*Burris v. City of Phoenix*, 875 P.2d at 1348.

Because there presently is no tort cause of action for wrongful failure to hire, and because we decline to recognize such a claim as a new cause of action, the Williams cannot proceed under that theory. As we have noted, the Williams were offered the opportunity to amend, but chose to stand on the single theory in their original *Petition*. That *Petition* stated no claim upon which relief could be granted. The trial court did not err in dismissing the Williams' *Petition*.

AFFIRMED.

JONES and JOPLIN, JJ., concur.

---

**6.** *See,* A.R.S. § 41–1463(B)(1).

**7.** *See supra,* notes 5 and 6.