1998 OK 84

**Roger M. WHELESS, Plaintiff,**

v.

**WILLARD GRAIN & FEED, INC., a Texas corporation d/b/a Wil–Gro Fertilizer, Inc., an Oklahoma corporation, Defendant.**

No. 90884.

Supreme Court of Oklahoma.

July 14, 1998.

Tom R. Gann, Tulsa, for Plaintiff.

James L. Kincaid, Randall J. Snapp, Crowe & Dunlevy, Tulsa, for Defendant.

ALMA WILSON, Justice:

¶ 1 Pursuant to 20 O.S.Supp.1997, § 1602,[1] the United States District Court for the Northern District of Oklahoma has certified the following question of law: "Can the Plaintiff herein maintain a viable cause of action, as a matter of law, for wrongful termination in violation of the public policy of the State of Oklahoma pursuant to the undisputed facts presented to the Court by the

1. 20 O.S.Supp.1997, § 1602 provides in pertinent part: "The Supreme Court ... may answer a question of law certified to it by a court of the United States ... if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court ... constitutional provision, or statute of this state."

pending Motion for Summary Judgment?" We answer that under the limited facts certi-. fied, plaintiff is not entitled to maintain an action for wrongful termination, as a matter of law. *Burk v. K–Mart Corp.,* 1989 OK 22, 770 P.2d 24.

¶2 The federal court reports the factual background of this case as follows. The plaintiff contends that for several years the defendant consistently and intentionally operated its plant in violation of the environmental regulatory laws and regulations of the United States and the State of Oklahoma. The plaintiff further contends that he was instructed by plant management to falsify data which was submitted to the State of Oklahoma in environmental regulatory reports. The plaintiff admits that he did not refuse to submit reports containing false data, nor did he report the alleged violations of environmental law to any regulatory authority or law enforcement agency. He contends that he believed he would be terminated if he failed to participate in the alleged violations. On February 2, 1995, he was confronted by Stan Goodell, the vice president of the defendant, and asked if he knew that reports submitted to the state were false. When he admitted that he believed the reports submitted to the plant manager for submission to the state contained false information, the plaintiff was terminated.

■ ¶3 *Burk* created a public policy exception to the employment-at-will doctrine. The six questions certified to this Court in *Burk* from the United States District Court for the Northern District of Oklahoma involved whether there was an implied obligation of good faith and fair dealing in every employment-at-will contract. The Court held that there was not. *Burk,* 1989 OK 22, ¶4, 770 P.2d at 26. An employment contract of indefinite duration may be terminated with or without cause at any time without incurring liability for breach of contract. *Burk,* 1989 OK 22, ¶5, 770 P.2d at 26. *Burk* adopted a public policy exception to the at-will termination rule in a narrow class of cases where the employee is discharged for following a clear mandate of public policy as articulated by constitutional, statutory or decisional law. *Burk,* 1989 OK 22, ¶17, 770

P.2d at 28. *Burk* specifically states the circumstances under which an action for wrongful termination may be maintained:

"Accordingly, we believe the circumstances which present an actionable tort claim under Oklahoma law is where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy."

*Burk,* 1989 OK 22, ¶19, 770 P.2d at 29.

¶4 In cases subsequent to *Burk,* reviewed by this Court, the public policy exception to the at-will termination rule has continued to be tightly circumscribed. *List v. Anchor Paint Mfg. Co.,* 1996 OK 1, ¶6, 910 P.2d 1011, 1013. In *List* the Court answered a certified question from the United States District Court for the Northern District of Oklahoma that Oklahoma did not recognize a claim for wrongful discharge in violation of public policy due to age discrimination because Oklahoma has adequate remedies under statute. Likewise, the Court held that the *Burk* rule did not apply to constructive discharge due to sexual harassment by a co-worker. *Marshall v. OK Rental & Leasing, Inc.,* 1997 OK 34, 939 P.2d 1116. *Marshall* cited *List* in reasoning that both cases involved the status of the employees rather than actions taken by them that resulted in retaliation by their respective employers. *Marshall,* 1997 OK 34, ¶23, 939 P.2d at 1122.

¶5 An example of a termination in violation of public policy is found in *Todd v. Frank's Tong Service, Inc.,* 1989 OK 121, 784 P.2d 47. The plaintiff had been discharged for refusing to operate a motor vehicle with defective brakes, headlights and turn signals. After citing the state statutes requiring lighting and brakes, the Court reasoned that the express language of the Oklahoma statutes was plain evidence of state public policy regarding safety in motor vehicles, and to allow employers to dismiss employees who refuse to drive nonconforming vehicles contravened the public policy commitment to keep highways as safe as possible. *Todd,* 1989 OK 121, ¶12, 784 P.2d at 50.

¶6 In *Trombetta v. Detroit, Toledo & Ironton R.R. Co.,* 81 Mich.App. 489, 265 N.W.2d 385 (1978), the plaintiff claimed that

he was discharged from his employment for refusing to manipulate and adjust sampling results used for pollution control reports which were filed with the state of Michigan. The Court of Appeals of Michigan held that under their public policy exception to the termination at will doctrine, such action by the defendants would clearly violate the law of the state and that public policy would not condone such action. *Trombetta*, 81 Mich. App. at 495–496, 265 N.W.2d at 389.

¶ 7 In contrast to the cases cited, the plaintiff in the case at bar was not discharged for refusing to act in violation of an established public policy, nor for acting consistent with an established public policy. He was discharged for being a party to falsifying environmental regulatory reports required by state statute. Public policy commitment to environmental safety and protection is not advanced by an employee who participates in violating a state statute and keeps silent concerning the violation, even when his motivation is fear of being discharged.

¶ 8 CERTIFIED QUESTION ANSWERED.

¶ 9 HODGES, LAVENDER, SIMMS, ALMA WILSON and WATT, JJ., concur.

¶ 10 HARGRAVE, J., concurs in result.

¶ 11 KAUGER, C.J., concurs in part, dissents in part.

¶ 12 SUMMERS, V.C.J., dissents.

¶ 13 OPALA, J., not participating.

