Dear Mr. Chief Justice:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 In light of the constitutionally enumerated causes for removal of judicial officers in Article VII-A, Section 1 of the Oklahoma Constitution and the additional statutory enumerated grounds for removal of judicial officers at 20 O.S. 2001, § 1404[20-1404], may Special Judges — who under Article VII-A, Section 1 of the Oklahoma Constitution are appointed by District Judges and serve at the pleasure of the District Judges — be terminated by the District Judges without cause?
 I. SPECIAL JUDGES ARE APPOINTED BY THE DISTRICT JUDGES OF EACH JUDICIAL ADMINISTRATIVE DISTRICT AND UNDER THE CONSTITUTION SERVE AT THE DISTRICT JUDGES' PLEASURE. AS EMPLOYEES AT WILL, SPECIAL JUDGES MAY HAVE THEIR EMPLOYMENT TERMINATED BY THE DISTRICT JUDGES AT ANY TIME WITHOUT CAUSE.
The Oklahoma Constitution at Article VII, Section 8 lists the Judges of the District Court:
 (a) The Judges of the District Court shall be District Judges, Associate District Judges, and Special Judges. Each District Judge, each Associate District Judge, and each Special Judge shall be selected according to the provisions of this Article.
Id. (emphasis added).
The appointment of Special Judges is provided for at Section 8 of Article VII of the Oklahoma Constitution:
 (h) The District Judges in each judicial administrative district shall appoint special judges to serve at their pleasure. The District Judges may appoint a nonlawyer as a special judge if no qualified licensed attorney is available. The jurisdiction of special judges shall be limited as may be prescribed by statute. The formula used for the number of special judges to be allowed to each judicial administrative district shall be set by the Legislature. All judges of special sessions courts shall become Special Judges for the remainder of their terms.
Id. (emphasis added).
By virtue of subsection (h) of Article VII, Section 8, Special Judges are employees of the District Judges of the judicial administrative district and serve at the District Judges' pleasure. Both federal and state courts have held that when an employee serves "at the pleasure" of the employer an "at-will" relationship exists.Jenkins v. Medford, 119 F.3d 1156, 1163-64 (4th Cir. 1997); Myers v. Town of Plymouth, 522 S.E.2d 122, 124
(N.C.Ct.App. 1999). Oklahoma courts have come to the same conclusion, as employment for an "indefinite duration" is an employment at will. E.g., Collier v.Insignia Commercial Group, 981 P.2d 321, 323 (Okla. 1999), Burk v. K-Mart Corp., 770 P.2d 24, 26 (Okla. 1989).
Under the employee-at-will doctrine an Oklahoma employer may terminate an at-will employee at any time for any reason or for no reason. The Oklahoma Supreme Court most recently held in McCrady v. OklahomaDepartment of Public Safety, 122 P.3d 473, 474-75
(Okla. 2005):
 The doctrine of employment-at-will is firmly embedded in the common law of Oklahoma. Under the doctrine, an employee with an employment contract of indefinite duration is free to leave his or her employment for any reason or no reason without incurring liability to the employer, and the employer has the corresponding freedom to terminate the at-will employee for any reason or no reason without incurring liability to the employee.
Id. (citation omitted) (emphasis added).
"There is no implied covenant of good faith and fair dealing that protects an at-will employment relationship from termination." Gilmore v.Enogex, Inc., 878 P.2d 360, 362-63 (Okla. 1994). Also, at-will employees may be terminated in good or bad faith. Hinson v. Cameron, 742 P.2d 549,554 (Okla. 1987); Tsotaddle v. Absentee Shawnee Hous. Auth., 20 P.3d 153,157 (Okla.Civ.App. 2000).
Because Special Judges serve at the pleasure of the District Judges of the judicial administrative district, they serve for an indefinite duration and are employees at will who can, under Oklahoma's employee-at-will doctrine, be terminated by the District Judges of the judicial administrative district at any time, for any reason or no reason.
 II. THE LIMITED BURK PUBLIC POLICY EXCEPTION TO THE AT-WILL EMPLOYMENT DOCTRINE RECOGNIZES A COMMON LAW TORT WHEN THE TERMINATION OF AN AT-WILL EMPLOYEE IS CONTRARY TO AN EXISTING CLEAR MANDATE OF PUBLIC POLICY ARTICULATED BY THE CONSTITUTION, STATUTE OR DECISIONAL LAW.
In 1989 the Oklahoma Supreme Court recognized a public policy exception to the at-will-employee doctrine "in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulatedby constitutional, statutory or decisional law." Burk, 770 P.2d at 28
(emphasis added). In so holding, the Oklahoma Supreme Court held that "there is no implied covenant of good faith and fair dealing that governs the employer's decision to terminate in an employment-at-will contract."Id. at 27. The court also noted that the terminable-at-will doctrine is not absolute, and that the Oklahoma Legislature, "not unlike Congress and other state legislatures, has enacted various statutory exceptions to the doctrine." Id. at 26. The court's statement was supported by reference to statutes such as 25 O.S. Supp.1985, §§ 1302 and 1505(c)(1), which prohibit discriminatory discharge of an employee on the basis of race, color, religion, sex, national origin, age or handicap, and the provisions of 44 O.S. 1981, § 208[44-208], which prohibit the termination of an employee because of service in the military forces. Id. at 26 n. 4.
Since its adoption, the Burk public policy exception to the at-will-employment doctrine has been narrowly construed and tightly circumscribed. In Wheless v. Willard Grain Feed, Inc., 964 P.2d 204, 206
(Okla. 1998), the court held that the public policy exception did not extend to an employee who — though ordered by his superiors to falsify state required environmental reports — was ultimately fired for being a party to falsifying environmental regulatory reports. The Wheless court noted that the plaintiff was not discharged "for refusing to act in violation of an established public policy, nor for acting consistent with an established public policy. He was discharged for being a party to falsifying environmental regulatory reports required by state statute."Id. The court then concluded that the public policy commitment to environmental safety and protection was "not advanced by an employee who participates in violating a state statute and keeps silent concerning the violation, even when his motivation is fear of being discharged." Id.
In keeping with the Oklahoma Supreme Court's warning in Burk that "the public policy exception must be tightly circumscribed," Burk,770 P.2d at 29, the Oklahoma Court of Appeals, in Williams v. Dub RossCo., 895 P.2d 1344, 1346 (Okla.Civ.App. 1995), refused to extend theBurk public policy exception to failure-to-hire cases. Similarly, inClinton v. State ex rel. Logan County Election Board, 29 P.3d 543, 545-46
(Okla. 2001), the Oklahoma Supreme Court refused to extend the Burk
public policy exception to cases in which an adequate remedy exists under statutory law. In that case, the plaintiff, who alleged that she was terminated because she was pregnant, had initiated a federal Title VII discrimination case and then sought to add a supplemental Burk public policy claim in addition to her Title VII claims. Id. at 544-45. The Supreme Court, in answering a question certified by a federal district court, concluded that extension of the Burk doctrine was not necessary, stating:
 When a statutory remedy adequately accomplishes the goal of protecting Oklahoma public policy, a common law remedy is not needed. . . . Accordingly, we hold the existence of a federal statutory remedy that is sufficient to protect Oklahoma public policy precludes the creation of an independent common law claim based on a public policy exception to the employment-at-will doctrine.
Id. at 546 (emphasis added).
In Saint v. Data Exchange, Inc., 145 P.3d 1037, 1038-39 (Okla. 2006), the Oklahoma Supreme Court held that because of the equal treatment of a class required by the anti-special-law provisions of Article V, Section 46
of the Oklahoma Constitution, the determination of the adequacy of statutory remedies must be made based on the entire class covered by Oklahoma's anti-discrimination act, 25 O.S. 2001, §§ 1101-1901[ 25-1101-1901], and not based on each subclass. Thus, if the statutory remedy is not adequate for a subclass, for example, not adequate for those discriminated against on the basis of race, it would not be adequate for all other subclasses covered by the act.
The Burk public policy exception to the at-will-employment doctrine has not abrogated the doctrine. At-will employees, such as Special District Judges who serve at the pleasure of the District Judges of the judicial administrative district, may still be terminated at any time. The "tightly circumscribed" Burk public policy exception merely makes employers who terminate an at-will employee in violation of an existing clear mandate of public policy established by constitutional, statutory or common law, liable for violating such a policy. Special District Judges may still be terminated at any time, for no reason or any reason and even in bad faith, as long as the termination does not violate such a clearly established public policy mandate.
III.
 THE LIMITED, ENUMERATED GROUNDS FOR REMOVAL OF A JUDICIAL OFFICER BY THE COURT ON THE JUDICIARY HAVE NO EFFECT UPON THE DISTRICT JUDGES' POWER TO TERMINATE A SPECIAL DISTRICT JUDGE FROM EMPLOYMENT UNDER THE EMPLOYMENT-AT-WILL DOCTRINE.
Section 1 of Article VII-A of the Oklahoma Constitution makes judges of the court, exercising jurisdictional power under Article VII, subject to removal from office through proceedings in the Court on the Judiciary:
 (a) In addition to other methods and causes prescribed by the Constitution and laws, the judges of any court, exercising judicial power under the provisions of Article VII, or under any other provision, of the Constitution of Oklahoma, shall be subject to removal from office, or to compulsory retirement from office, for causes herein specified, by proceedings in the Court on the Judiciary.
 (b) Cause for removal from office shall be: Gross neglect of duty; corruption in office; habitual drunkenness; commission while in office of any offense involving moral turpitude; gross partiality in office; oppression in office; or other grounds as may be specified hereafter by the legislature.
 (c) Cause for compulsory retirement from office, with or without compensation, shall be mental or physical disability preventing the proper performance of official duty, or incompetence to perform the duties of the office.
Id. (emphasis added).
The Legislature has specified additional grounds for removal of a judicial officer by the Court on the Judiciary at 20 O.S. 2001, § 1404[20-1404], which reads as follows:
A. As used in this section, the term "judicial officer" includes the judges of all courts created by the state or municipalities of the state.
B. In addition to the causes specified in Article VII-A, Section 1 ofthe Oklahoma Constitution, the acts and omissions enumerated below shallconstitute grounds for the removal by the Court on the Judiciary of a judicial officer from his office, with or without disqualification to hold a judicial office in the future:
 1. The acceptance of a fee, or gratuity, other than that specifically provided by law, for performing any act in a judicial officer's capacity as a judge.
 2. Continued willful failure of a judicial officer to comply with rules and directives of the Supreme Court, the presiding judge of his administrative district, or the chief judge of the judicial district.
 3. Participation by a judicial officer, while serving as such officer or while a candidate for judicial office, in any partisan political activity. But the term "partisan political activity," as used herein, shall not include the attendance by a judicial officer or by a candidate for a judicial office at a political gathering, upon payment of a nominal admission fee, for the sole purpose of campaigning in his own behalf for a judicial office.
 4. Participation by a judicial officer, while serving as such officer or while a candidate for a judicial office, in any election campaign other than that for his own election to a judicial office.
 5. A judicial officer becoming a candidate for any nonjudicial office or for another judicial office whose term is to commence before the expiration of his present term of office; provided that no judge holding a nonelective judgeship shall become a candidate in a race in which the incumbent seeks to retain an elective judicial office unless he first resign his appointive judgeship.
 6. A judicial officer, while serving as such officer or while a candidate for a judicial office, making publicly known in his campaign material or speeches, or knowingly permitting others to make publicly known, either directly or by implication, his political party affiliation.
 C. Violation by a judicial officer of the Code of Judicial Conduct as adopted by the Supreme Court of Oklahoma on July 15, 1974, or as may be thereafter amended, may constitute grounds for the removal by the court on the judiciary of a judicial officer from office, with or without disqualification to hold a judicial office in the future.
Id. (emphasis added) (footnote omitted).
The language of Section 1404 makes it clear that the grounds enumerated for removal of judicial officers in this section relate to removal by theCourt on the Judiciary. Both the power to remove under the Constitution and the grounds for removal that the Court on the Judiciary may use are limited. No such limits are attached to the termination of employment of a Special Judge by the District Judges — an employment termination and not a removal from office. Rather, as discussed above, Special District Judges, who serve at the pleasure of the District Judges of their judicial administrative district, are at-will employees who may be terminated at any time, for no reason, or for any reason not violative of a clear mandate of public policy established by existing statute law, the Constitution or case law. The grounds for removal that limit the ability of the Court on the Judiciary to remove a judicial officer are not limitations on the power of the District Judges of an administrative district to terminate the employment of a Special District Judge at will.
As judges of the district court, Special Judges are subject to removal or involuntary retirement by the Court on the Judiciary. Special Judges are subject to such action by the Court on the Judiciary in those instances in which a Petition against a Special Judge is being considered by the Court on the Judiciary, and the District Judges of the administrative district have not terminated the Special Judge's employment. In such proceedings before the Court on the Judiciary, that court can only remove or compulsory retire a Special Judge for one or more of the grounds enumerated in either the Constitution or the statute.
In sum, a Special District Judge's service in office may be involuntarily discontinued in either of two ways:
 1. Termination of employment by the District Judges of the judicial administrative district, or
 2. Removal or involuntary retirement by the Court on the Judiciary.
Limits placed upon the power of the Court on the Judiciary in removal or involuntary retirement proceedings in no way limit or restrict the power or ability of the District Judges of the judicial administrative district to terminate a Special Judge's employment at will.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Special District Judges, who under the provisions of Article VII, Section 8 of the Oklahoma Constitution are appointed by District Judges of each administrative district and serve at the District Judges' pleasure, are employees at will, who may be terminated from employment at any time, with or without reason, in good or bad faith, limited only by the public policy exception to the employment-at-will doctrine established by the Oklahoma Supreme Court in Burk v. K-Mark Corp., 770 P.2d 24, 26 (Okla. 1989). The Burk public policy exception is tightly circumscribed and applies in a narrow class of cases in which the discharge is contrary to an existing clear mandate of public policy articulated by the Constitution, statute or decisional law.
 2. Article VII-A, Section 1 of the Oklahoma Constitution and 20 O.S. 2001, § 1404[20-1404], limit the grounds upon which the Court on the Judiciary may remove or compulsorily retire a judicial officer. These grounds for removal limit only the Court on the Judiciary's power to remove or compulsory retire a judicial officer. They do not constitute a limitation on the power of the District Judges of a judicial administrative district, under Article VII, Section 8, to terminate the employment of a Special District Judge at will.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL